**UNITED STATES of America, Plaintiff,**

v.

**ONE 1987 CHEVROLET CORVETTE, VIN 1G1YY3189H5125250, Defendant.**

### Civ. A. No. 89–C–0777.

United States District Court,
E.D. Wisconsin.

Oct. 4, 1990.

Rodney L. Cubbie, Asst. U.S. Atty., for plaintiff.

Frederick L. Zievers, Madrigrano, Gagliardi Zievers & Aiello, S.C., Kenosha, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Senior District Judge.

On June 27, 1989, plaintiff United States of America ("United States") commenced a civil action for forfeiture of defendant property ("the Corvette") pursuant to Title 21 United States Code § 881(a)(4). Mario Sorrentino ("Sorrentino") claimed a property interest in the Corvette, and this court conducted a jury trial from June 5, 1990, to June 8, 1990, to determine Sorrentino's interest. As required by 19 U.S.C. § 1608, Sorrentino filed a $2,500 cost bond in order to cover "all the costs and expenses of the proceedings" in the event that his claim was unsuccessful. On June 8, 1990, the jury found that Sorrentino was not an innocent owner of the Corvette.

On July 2, 1990, Sorrentino moved this court for remission of the $2,500 cost bond. On July 5, 1990, the United States opposed Sorrentino's motion, and on July 6, 1990, the United States moved this court for the disbursement of the cost bond. The parties disagree as to whether or not the fees paid to the jury members should be deducted from the cost bond. The United States argues that the jury fees should be deducted from the cost bond because they are an expense of the proceeding. Sorrentino, on

the other hand, argues that jury fees should not be deducted because they are not explicitly identified in the federal statutes as an expense which an unsuccessful claimant must pay.

Title 19 U.S.C. § 1608 provides that:

Upon the filing of such claim, and the giving of a bond to the United States ... with sureties to be approved by such customs officer, conditioned that in case of condemnation of the articles so claimed the obligor shall pay all the costs and expenses of the proceedings to obtain such condemnation....

This statute is further elaborated on in Title 21 § 1316.76 of the Code of Federal Regulations (C.F.R.). Section 1316.76(b) states:

The filing of the claim and the posting of the bond does not entitle the claimant to possession of the property, however, it does stop the administrative forfeiture proceedings. The bond posted to cover costs may be in cash, certified check, or satisfactory sureties. The costs and expenses secured by the bond are such as are incurred after the filing of the bond including storage cost, safeguarding, court fees, marshal's costs, etc.

Neither 19 U.S.C. § 1608 nor 21 C.F.R. 1316.76(b) explicitly state that jury fees can be deducted from the cost bond posted by an unsuccessful claimant. In addition, the United States has not cited a single court decision, and this court is unaware of any, where jury fees were deducted from the cost bond posted under 19 U.S.C. § 1608.

Sections 1608 and 1316.76(b) permit the United States to deduct the costs and expenses it incurs as the result of being *a party* to a forfeiture action. Jury fees, however, are not incurred by the United States as the result of it being a party to an action. The United States incurs the jury fees because it provides a federal court system to its citizens. Thus, this court finds that §§ 1608 and 1316.76(b) do not require an unsuccessful claimant to pay for the jury fees.

In the present action, the United States has provided an itemized accounting of the costs it incurred as the result of it being a party to this action. Other than jury fees, these costs included witness fees of $130.06, Marshal's fees of $12.60, and a Marshal's advertising fee of $627, for a total of $769.66. These fees shall be deducted from the $2,500 cost bond with the remainder being returned to Sorrentino.

IT IS THEREFORE ORDERED that claimant Mario Sorrentino's motion for the remission of the unused portion of the $2,500 cost bond is GRANTED, and on or before fourteen (14) days from the date of this order the United States of America shall remit to Sorrentino the amount of $1,730.34.